## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Kathleen O'Connell, *guardian ad*
*Litem*, for Rosemary O'Connell
an individual,

    Plaintiff,

v.

Penney OpCo LLC

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No: 1:23-cv-00469-GBW

**AMENDED COMPLAINT[1]**

  Plaintiff, Rosemary O'Connell, an individual, by and through his undersigned counsel, hereby files this Complaint and sues Penney OpCo LLC, a Texas corporation for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

**JURISDICTION AND PARTIES**

  1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

  2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

  3. Plaintiff, Rosemary O'Connell, (hereinafter referred to as "Ms. O'Connell") is a resident of the State of Delaware.

---

[1] [1] Plaintiffs file their First Amended Complaint pursuant to Rule 15. Defendant has indicated that it will not object to the Amendment. J.C. Penney Corporation, Inc. is currently in bankruptcy proceedings. Penney OpCo LLC purchased certain assets and owned/operated the particular location at the time of Ms. O'Connell's alleged visit. Otherwise, no changes have been made to the Original Complaint.

4.      Ms. O'Connell is a qualified individual with a disability under the ADA. Ms. O'Connell suffers from severe cerebral palsy, with limited cognitive abilities. Unable to walk since birth, Ms. O'Connell requires assistance with daily tasks including but not limited to bathing, dressing, and getting in out of her wheel chair.  For several years, Ms. O'Connell received hair treatment at the J.C. Penney Salon, located at the Christiana Mall outside of Newark, Delaware

5.      Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and requires a wheelchair for mobility.

6.      Defendant, Penney OpCo LLC a hereinafter referred to as "DEFENDANT") is a Texas Corporation registered to do business in the State of Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: JC Penney, generally located at 606 Christina Mall, Newark, DE 19702 ("the property"). The Defendant is responsible for complying with the obligations of the ADA.

7.      All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8.      The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9.      The Property, which includes a salon, is a place of public accommodation and is therefore subject to Title III of the ADA.

10.      Ms. O'Connell resides in a group home for individuals who intellectual and physical disabilities, likes to frequent the Defendant's property for hair services and would continue to do so.  On May 5, 2021, she attempted to get hair care at this facility during which she

received disparaging comments from Defendant's employee because her physical and intellectual disabilities and left her feeling ashamed and embarrassed.

12.     Ms. O'Connell intends to and will visit the Defendant's Property was she has received assurance that her disabilities will be accommodated.  To date she has not received these assurances. as a patron once the barriers described herein are addressed.

13.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property.  These barriers to access include facilitating with her intellectual and physical disabilities.

14.     To date, these readily achievable barriers and other violations of the ADA still exist but have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

16.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

17.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A.      That the Court declares that the Property owned and operated by DEFENDANT is
        in violation of the ADA;

B.      That the Court enter an Order directing DEFENDANT to alter the facilities to make
        them accessible to and usable by individuals with disabilities to the full extent
        required by Title III of the ADA;

C.      That the Court enter an Order directing DEFENDANT to evaluate and neutralize
        the policies and procedures towards persons with disabilities for such reasonable
        time so as to allow DEFENDANT to undertake and complete corrective
        procedures.

D.      That the Court award reasonable attorneys' fees, costs (including expert fees), and
        other expenses of suit, to the Plaintiff; and that the Court award such other and
        further relief as it deems necessary, just and proper.

E.      That this Court award Plaintiff such other additional and proper relief as may be
        just and equitable.

Dated: May 15, 2023

                                Respectfully Submitted,


                        By: */s/ David T. Crumplar*
                                David T. Crumplar (#5876)
                                Jacobs & Crumplar, P.A.
                                *Of Counsel*
                                750 Shipyard Drive
                                Suite 200
                                Wilmington, DE 19801
                                Tel.: (302) 656-5445
                                Fax: (302) 656-5875
                                E-Mail:  davy@jcdelaw.com
                                -and-

                                Lynch & Karcich, LLC
                                1000 White Horse Road
                                Suite 703

Vorhees, NJ 08043